UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SAMUEL K. WILLIS, | Civil No. 08-1683 (JMR/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Samuel K. Willis, Federal Correctional Institution – Englewood, 9595 Quincy Avenue West, Littleton, Colorado, 80123, Petitioner, pro se.

James E. Lackner, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondent.

ARTHUR J. BOYLAN, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the application of Samuel K. Willis for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been fully briefed by the parties, and referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.[1]  For the reasons discussed below, the Court concludes that Petitioner's habeas corpus petition should be denied, and that this action should be dismissed for lack of jurisdiction.

**I. BACKGROUND**

In 1994, Petitioner was indicted in this District on four federal criminal charges.

---

[1] Petitioner has filed an original petition, (Docket No. 1), and an amended petition, (Docket No. 5), both of which raise essentially the same set of claims.  He has also filed a "memorandum" in support of his petitions, (which is the same as the original petition), and a reply to Respondent's answer.  (Docket Nos. 6 and 11).  The Court has considered all of the claims and arguments raised in all of Petitioner's submissions.

United States v. Willis, Crim. No. 3:94-cr-133 (RHK).  A jury found Petitioner guilty on three of the four counts against him – (1) possession of a firearm by a felon in violation of 18 U.S.C. § 922(g), (2) possession of cocaine base in violation of 21 U.S.C. § 844, and (3) carrying a firearm in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c).  District Court Judge Richard H. Kyle sentenced Petitioner for his crimes in June 1995.

At Petitioner's sentencing, Judge Kyle applied the United States Sentencing Guidelines, (which were then in full effect, as Petitioner was sentenced long before the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005)).  Petitioner was convicted and sentenced as an "Armed Career Criminal" under 18 U.S.C. § 924(e), (the Armed Career Criminal Act, or "ACCA"), because he was found to have at least three prior convictions for "a violent felony or a serious drug offense."  Thus, when Petitioner was sentenced for his § 922(g) firearms offense, his "total offense level" was found to be 34, and his "criminal history category" was found to be Category VI.  See United States Sentencing Guidelines, ["USSG"] § 4B1.4.  Based on that offense level, and that criminal history category, the Guidelines range for Petitioner's sentence was 262 to 327 months.  Petitioner was sentenced to the low end of that range – 262 months – for his § 922(g) firearms possession offense.  Petitioner also received a concurrent 240-month sentence for his cocaine possession offense.

Finally, Petitioner was given a mandatory consecutive 60-month sentence for his § 924(c) conviction for carrying a firearm during a drug trafficking offense.  Thus, Petitioner received an aggregate prison sentence of 322 months, (262 months, plus 60 months).  His

sentence also included a four-year term of supervised release. Petitioner is currently serving his sentence at the Federal Correctional Institution-Englewood, located in Littleton, Colorado.[2]

Petitioner's conviction and sentence were affirmed by the Eighth Circuit Court of Appeals on direct appeal. United States v. Willis, 89 F.3d 1371 (8th Cir.), cert. denied, 519 U.S. 909 (1996). During the next twelve years thereafter, Petitioner mounted a host of post-conviction challenges to his conviction and sentence. Most notably, he filed a motion for relief under 28 U.S.C. § 2255, which was denied by the trial court on October 8, 1997. The Eighth Circuit Court of Appeals granted Petitioner a Certificate of Appealability, (see 28 U.S.C. § 2253(c)(1)(B)), for two ineffective assistance of counsel claims that arguably affected his conviction. However, the Court of Appeals ultimately affirmed the trial court's denial of Petitioner's § 2255 motion. Willis v. United States, No. 98-1296 (8th Cir.), 2000 WL 84415 (unpublished opinion), cert. denied, 531 U.S. 885 (2000).

In 2007, Petitioner filed another motion in the trial court, this time seeking a modification of his sentence pursuant 18 U.S.C. § 3582(c). Petitioner contended that his sentence should be reduced because of a recent amendment to the Sentencing Guidelines identified as "Amendment 674." Petitioner's § 3582(c) motion was denied, because Judge

---

[2] Petitioner was confined in Minnesota when he filed his current petition, so his petition still can be considered here, even though he is now confined in another District. See McCoy v. United States Board of Parole, 537 F.2d 962, 966 (8th Cir. 1976) (the federal court for the district where a prisoner was incarcerated when he filed his habeas corpus petition does not lose jurisdiction when the prisoner is transferred to another district while his petition is still pending); see also Wright v. Lacy, 664 F.Supp. 1270, 1271, n.1 (D.Minn. 1987) ("[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change").

Kyle found that Amendment 674 is not retroactively applicable. (<u>United States v. Willis</u>, Crim. No. 3:94-cr-133 (RHK) [Docket No. 208], (D.Minn. Aug. 6, 2007), reported at 2007 WL 2264719.) That ruling was later affirmed by the Eighth Circuit Court of Appeals. (<u>Id</u>., [Docket No. 211].)

Petitioner's current § 2241 habeas corpus petition raises still more challenges to his 1995 prison sentence. The petition lists three claims for relief – a procedural claim, and two substantive claims. In Petitioner's initial procedural claim, he contends that his two substantive claims for relief can properly be entertained and upheld in the present action, even though prisoners normally are barred from raising sentencing errors in a § 2241 habeas corpus petition. The two substantive claims challenge the validity of the sentence imposed by Judge Kyle back in 1995. Petitioner contends that his sentence must now be vacated, because of two post-sentencing amendments to the Sentencing Guidelines – Amendment 674 and Amendment 709.

For the reasons discussed below, the Court finds that Petitioner's procedural argument is unsustainable. As a result, Petitioner's two substantive challenges to his conviction cannot be entertained in the present § 2241 habeas corpus action.

**II. DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1147 (2005). Subsection 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for

relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, Petitioner obviously is challenging the validity of the sentence imposed by Judge Kyle in 1995. Therefore, Petitioner's present § 2241 habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[3]

---

[3] In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. However, Petitioner is barred from seeking relief under § 2255, because (a) he has already applied for relief under that statute once before, and (b) the one-year statute of limitations for seeking relief under that statute expired long ago. See 28 U.S.C. § 2255(h) (restricting

5

Our Court of Appeals has held that "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Here, Petitioner has had a prior opportunity – in fact, at least two opportunities – to present his current challenges to his sentence. Petitioner's current claims could have been raised on direct appeal, or in his initial § 2255 motion. Because Petitioner has already had an adequate procedural opportunity to challenge his sentence, the savings clause does not afford him another opportunity to do that in a § 2241 habeas corpus petition.

Petitioner contends that the remedy provided by § 2255 is "inadequate or ineffective" for his current claims, and that the savings clause is therefore applicable here, because he is attempting to challenge his sentence based on amendments to the Sentencing Guidelines that did not become effective until many years after he had used his opportunity to seek relief under § 2255. Petitioner's savings clause argument must be rejected.

Although Petitioner has cited two new, post-sentencing, amendments to the Guidelines, Amendments 674 and 709, to support the two substantive claims raised in his current habeas petition, neither of those amendments establish that his sentence was invalid ab initio. Indeed, neither of those amendments add any material support to Petitioner's current sentencing claims. To understand why Petitioner's reliance on

---

"second or successive" motions), and 28 U.S.C. § 2255(f) (establishing a one-year limitation period). Therefore, it would not be appropriate to treat the present habeas corpus petition as a § 2255 motion, and transfer this matter back to the original trial court. Furthermore, it is clear that Petitioner has deliberately sought relief under § 2241, because he knows his claims cannot presently be brought under § 2255.

Petitioner also apparently recognizes that he could not be granted permission to bring his present claims in a new, "second or successive," § 2255 motion, because they are not based on "newly discovered evidence," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Amendments 674 and 709 is unavailing, it is necessary to briefly consider his two substantive claims for relief.

    A.  <u>Double Jeopardy Claim Based On Amendment 674</u>

Petitioner initially claims that his sentence violates the Constitution's Double Jeopardy Clause, because he was, in effect, sentenced twice for the same misconduct – namely, for carrying a firearm during a drug offense. He claims that the firearm factor first caused him to be classified as an "Armed Career Criminal" under 18 U.S.C. § 924(e), which increased his total offense level to 34 and his criminal history category to VI, (<u>see</u> USSG § 4.B1.4), and ultimately caused him to move into a higher guideline range, (262-327 months), for his § 922(g) conviction. The same firearm factor also allegedly caused him to be convicted, and to receive a five-year consecutive sentence, under 18 U.S.C. § 924(c). Petitioner claims that "the Double Jeopardy Clause of the Constitution was violated... as a result of his sentence being double counted, where he received two sentences for the same conduct, of which one is to be served consecutive to the other." (Petitioner's Reply Memorandum, [Docket No. 11], p. 1.)

Petitioner's Double Jeopardy claim could have been raised as early as his original sentencing hearing. He has cited two Supreme Court cases in support of his claim, <u>Peyton v. Rowe</u>, 391 U.S. 54 (1968) and <u>Garlotte v. Fordice</u>, 515 U.S. 39 (1995), both of which were decided <u>before</u> he was sentenced. Although Petitioner clearly had an opportunity to raise his Double Jeopardy claim on direct appeal or in his § 2255 motion, he contends that he still should be allowed to bring his Double Jeopardy claim in a § 2241 habeas petition, because Amendment 674 provides "a persuasive authority that verifies his claim." (Petitioner's Reply Memorandum, [Docket No. 11], p. 2.)

Amendment 674 provides that if a defendant is convicted and sentenced under 18 U.S.C. § 924(c), (as Petitioner was), then – for purposes of applying the Guidelines – his total offense level should <u>not</u> be increased to 34, and his criminal history category should <u>not</u> be increased to Category VI. Thus, it appears that if Amendment 674 had been in effect when Petitioner was sentenced, his total offense level and his criminal history category might not have been increased, (pursuant to USSG § 4.B1.4), based on his status as an Armed Career Criminal under 18 U.S.C. § 924(e).

Of course, Amendment 674 was not in effect when Petitioner was sentenced, and the trial court judge has already determined that Amendment 674 is not retroactively applicable. In Judge Kyle's recent ruling on Petitioner's § 3582(c) motion, he explained that:

> "[T]he Sentencing Commission has not identified Amendment 674 as a retroactively applicable amendment to the Sentencing Guidelines. Therefore, Amendment 674 cannot be applied to Defendant's case, and Defendant's motion for a sentence reduction pursuant to § 3582(c)(2) must be denied."

<u>United States v. Willis</u>, 2007 WL 2264719 at *1.

Petitioner contends, however, that Amendment 674 provides previously unavailable legal support for his Double Jeopardy claim, and that he should therefore be allowed to raise his Double Jeopardy claim in a § 2241 habeas petition, pursuant to the savings clause. This argument fails.

Amendment 674 offers no more than nominal (if any) support for Petitioner's Double Jeopardy claim. Contrary to Petitioner's assertion, Amendment 674 does <u>not</u> decree that the pre-Amendment version of USSG § 4.B1.4 violates the Double Jeopardy Clause. The explanatory notes that accompany Amendment 674 indicate that the Amendment

8

"address[es] an apparent 'double counting' issue that appears to be present when a defendant [such as Petitioner] is convicted both of 18 U.S.C. § 922(g) (Felon in Possession) and also an offense such as 18 U.S.C. § 924(c) (Use of a Firearm in Relation to Any Crime of Violence or Drug Trafficking Crime)." USSG Guidelines Manual, Supplement to Appendix C, Amendment 674, "Reason for Amendment," Part Nine (emphasis added). The explanatory notes further indicate that "[t]he Commission determined that the mandatory minimum, consecutive sentences in these statutes [e.g., § 924(c)] are sufficient to take into account the aggravated conduct referenced in § 4B1.4." Id.

Thus, the Sentencing Commission did not declare the pre-Amendment version of the Guideline to be unconstitutional; the Commission simply determined that under certain circumstances a "sufficient" sentence would not require an enhancement based on the ACCA, (18 U.S.C. § 924(e)). In other words, the Commission merely decided that, going forward, federal sentencing objectives could be met – in certain cases – without increasing a defendant's total offense level or criminal history score based solely on his status as an Armed Career Criminal. The Commission did not identify, or purport to correct, any constitutional defect under the Double Jeopardy Clause.

Moreover, it is clearly not the role of the Sentencing Commission to determine the constitutionality of its own Guidelines. One of the oldest and most elemental principles of American jurisprudence is that the federal judiciary is the ultimate arbiter of the constitutionality of federal laws. See Cooper v. Aaron, 358 U.S. 1, 18 (1958) (in Marbury v. Madison, 1 Cranch 137 (1803), the Supreme Court "declared the basic principle that the federal judiciary is supreme in the exposition of the law of the Constitution, and that

"address[es] an apparent 'double counting' issue that appears to be present when a defendant [such as Petitioner] is convicted both of 18 U.S.C. § 922(g) (Felon in Possession) and also an offense such as 18 U.S.C. § 924(c) (Use of a Firearm in Relation to Any Crime of Violence or Drug Trafficking Crime)." USSG Guidelines Manual, Supplement to Appendix C, Amendment 674, "Reason for Amendment," Part Nine (emphasis added). The explanatory notes further indicate that "[t]he Commission determined that the mandatory minimum, consecutive sentences in these statutes [e.g., § 924(c)] are sufficient to take into account the aggravated conduct referenced in § 4B1.4." Id.

Thus, the Sentencing Commission did not declare the pre-Amendment version of the Guideline to be unconstitutional; the Commission simply determined that under certain circumstances a "sufficient" sentence would not require an enhancement based on the ACCA, (18 U.S.C. § 924(e)). In other words, the Commission merely decided that, going forward, federal sentencing objectives could be met – in certain cases – without increasing a defendant's total offense level or criminal history score based solely on his status as an Armed Career Criminal. The Commission did not identify, or purport to correct, any constitutional defect under the Double Jeopardy Clause.

Moreover, it is clearly not the role of the Sentencing Commission to determine the constitutionality of its own Guidelines. One of the oldest and most elemental principles of American jurisprudence is that the federal judiciary is the ultimate arbiter of the constitutionality of federal laws. See Cooper v. Aaron, 358 U.S. 1, 18 (1958) (in Marbury v. Madison, 1 Cranch 137 (1803), the Supreme Court "declared the basic principle that the federal judiciary is supreme in the exposition of the law of the Constitution, and that

principle has ever since been respected by this Court and the Country as a permanent and indispensable feature of our constitutional system"); Segura v. United States, 468 U.S. 796, 828, (1984)  (Stevens, J., dissenting) ("[t]he primary responsibility for enforcing the Constitution's limits on government, at least since the time of Marbury v. Madison, has been vested in the judicial branch").  Thus, if the pre-Amendment version of the Guidelines caused Petitioner to receive an unconstitutional sentence, as Petitioner now contends, the federal courts were fully competent to make that determination, without having to wait for the Sentencing Commission to take a position on the matter.

Amendment 674 did not give rise to a Double Jeopardy claim where none existed before.  If Petitioner's sentence violated the Double Jeopardy clause, that violation would have been cognizable and correctable by the courts at the time of Petitioner's direct appeal.  Thus, Petitioner's current Double Jeopardy claim could have been, and should have been, raised on direct appeal, or, at the latest, in his § 2255 motion.[4]  In sum, the adoption of Amendment 674 did not activate a new Double Jeopardy claim that can now be brought in a § 2241 habeas petition under the savings clause.

---

[4] The Court recognizes that if Petitioner's Double-Counting/Double-Jeopardy claim had been raised on direct appeal, it probably would have failed.  Other federal criminal defendants raised similar claims on their direct appeals, before the enactment of Amendment 674, and those claims were rejected.  See e.g., United States v. Studifin, 240 F.3d 415, 419-20 (4th Cir. 2001); United States v. Sanders, 982 F.2d 4, 6 (1st Cir. 1992), cert. denied, 508 U.S. 963 (1993); United States v. Howard, 998 F.2d 42, 48-49 (2nd Cir. 1993).  Thus, there is no reason to believe that Petitioner would have been successful if he had raised his Double Jeopardy claim on direct appeal, (as he should have done).  Petitioner will undoubtedly respond to this observation by asserting that his current claim is different from the claims presented in earlier cases, (such as those cited above), because his claim is now supported by Amendment 674.  But that response will not suffice, because, as discussed in the text, Amendment 674 does not implicate a new Double Jeopardy claim that did not previously exist.

B. "Actual Innocence" Claim Based On Amendment 709

As noted above, Petitioner's total offense level and criminal history category were increased, and he therefore moved into a higher sentencing range under the Guidelines, because his prior criminal record caused him to be an Armed Career Criminal under 18 U.S.C. § 924(e). Ten years after Petitioner's sentence was upheld on his § 2255 motion, the Sentencing Commission adopted Amendment 709, which modifies the manner in which a defendant's prior criminal record affects his criminal history category under the Guidelines. Petitioner now contends that, under Amendment 709, his prior convictions and sentences do not make him an Armed Career Criminal, and he is therefore "actually innocent" of the 262-month sentence he received pursuant to USSG 4B1.4. He further contends that his new "actual innocence" claim based on Amendment 709 could not have been raised on direct appeal, or in his § 2255 motion, (because the Amendment had not yet been adopted), and thus his current claim can be raised in a § 2241 habeas petition under the savings clause. The Court disagrees. Petitioner's current claim based on Amendment 709 fails for one simple reason: Amendment 709 does not, and could not, change the <u>statutory</u> definition of an Armed Career Criminal.

Amendment 709 pertains to the computation of a defendant's criminal history category under the Guidelines. Of course, one of the factors that affects a defendant's criminal history category is the number of his prior convictions and sentences. Amendment 709 alters the procedure for "counting multiple prior sentences... in determining a defendant's criminal history score." USSG Guidelines Manual, Supplement to Appendix C, Amendment 709, "Reason for Amendment."

If Petitioner had <u>not</u> been found to be an Armed Career Criminal under 18 U.S.C.

11

§ 924(e), then Amendment 709 might arguably affect the computation of his criminal history category.  However, Petitioner's status an Armed Career Criminal <u>under the statute</u> effectively trumped the normal rules for determining his criminal history category under the Guidelines.  Because Petitioner is an Armed Career Criminal under § 924(e), his total offense level and criminal history category were dictated by USSG 4B1.4, regardless of how his prior convictions and sentences might otherwise be treated under the Guidelines.

The Guidelines explain how courts should count "prior sentences," and how courts should determine whether a defendant is a "career offender," (as opposed to an "Armed Career Criminal"), for purposes of applying the Guidelines.  U.S.S.G. §§ 4A1.2 and 4B1.1.  However, the term "Armed Career Criminal" is not defined by the Guidelines, and interpreted by the Sentencing Commission; it is defined by <u>statute</u>, (§ 924(e)), and interpreted by the courts.  "The ordinary criminal history calculations and, to a large extent, the career offender guideline are products of the Commission's own devising, with some very general guidance from Congress; by contrast, the armed career criminal provision results from rather precise statutory language, which the Commission simply adopts in its armed career criminal guideline."  <u>United States v. Riddle</u>, 47 F.3d 460, 462 (1st Cir. 1995).  <u>See</u> also <u>United States v. Maxey</u>, 989 F.2d 303, 308 (9th Cir. 1993) ("the predicate offense definitions in [USSG] section 4B1.1, used to classify a Career Offender, are different from the statutory definitions that subject a defendant to sections 924(e) and 4B1.4 as an Armed Career Criminal"); <u>United States v. Crumb</u>, 187 Fed.Appx. 532, 539 (6th Cir. 2006) ("[n]othing in either § 924(e) or [USSG] § 4B1.4(a) incorporates any definitions from U.S.S.G. § 4A1 or makes reference to 'related cases,' 'related sentences,' or offenses that were part of a 'common scheme or plan'").

12

The Guidelines have merely adopted the statutory term "Armed Career Criminal" by reference. "The Guidelines do not purport to determine whether section 924(e) applies," and "case law applying the related offense provisions of [USSG] section 4A1.2(a)(2) 'ha[s] nothing to do' with sentencing a defendant convicted under section 924(e)." Maxey, 989 F.2d at 307, 308 (quoting United States v. Arnold, 981 F.2d 1121, 1122 (9th Cir. 1992), cert. denied, 507 U.S. 1056 (1993)).  See also United States v. Taylor, 301 Fed.Appx. 508, 521 (6th Cir. 2008) (unpublished opinion) (rejecting defendant's argument that "the standard in the Sentencing Guidelines for computing a defendant's criminal history category should also be applied in determining whether there are three separate convictions under the ACCA").  Therefore, the adoption of Amendment 709 did not, (and could not), change the statutory definition of "Armed Career Criminal."

As explained by the Sixth Circuit Court of Appeals:

"The amendments to U.S.S.G. §§ 4A1.1 and 4A1.2 [effected by Amendment 709] do not purport to alter the section of the Guidelines dealing specifically with the sentencing of armed career criminals, let alone the ACCA.  Indeed, such an importation would be inappropriate given the different schemes for calculating criminal history under the Guidelines and for determining armed career criminal status under the ACCA.... [ ¶ ] [E]ven assuming that the Sentencing Commission had for some reason intended to alter the manner in which the ACCA is interpreted, the Commission cannot, by changing the Guidelines, alter a statute passed by Congress."

United States v. Bailey, 264 Fed.Appx. 480, 483-84 (6th Cir.) (unpublished opinion) (emphasis added), cert. denied, 128 S.Ct. 2949 (2008).

Once Petitioner was determined to be an Armed Career Criminal under § 924(e), he became subject to the enhancement provisions of USSG § 4B1.4.  Nothing in Amendment 709 changed the statutory definition of the term "Armed Career Criminal." Therefore, Amendment 709 does not affect the propriety of Petitioner's sentencing as an

13

Armed Career Criminal.

If Petitioner believes that he did not meet the statutory definition of an Armed Career Criminal at the time of his sentencing, then he could have, and should have, raised that argument in his direct appeal or § 2255 motion.[5]  Because Amendment 709 did <u>not</u> change the statutory definition of an Armed Career Criminal, that Amendment provides no support for Petitioner's claim that he is now "actually innocent" of being an Armed Career Criminal and sentenced as such. Therefore, Amendment 709 does not support Petitioner's savings clause argument, and it does not allow him to challenge his sentence as an Armed Career Criminal in a § 2241 habeas proceeding.

## III.  CONCLUSION

As Petitioner has correctly recognized, he cannot challenge the validity of his sentence in a § 2241 habeas corpus petition, unless he can show that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" for his claims.  To meet that condition, Petitioner must show that he had no previous "unobstructed procedural opportunity to raise his claim."  <u>Abdullah</u>, 392 F.2d at 960.  Petitioner's current "Double Jeopardy" claim, and his current claim that he is not an Armed Career Criminal, were available to him at the time of his direct appeal and § 2255 motion, and he had an "unobstructed procedural opportunity" to raise those claims in those proceedings.

Petitioner contends that his current claims could not have been previously raised,

---

[5]  Respondent contends that Petitioner <u>did</u> raise such an argument in his initial § 2255 motion, and it was rejected on the merits by the trial court.  It is not necessary to decide whether Petitioner's Armed Career Criminal claim was, or was not, previously adjudicated, because it cannot be entertained here in any event.

because they are based on two recent amendments to the Sentencing Guidelines, i.e., Amendments 674 and 709. That argument is rejected, because, as the Court has explained above, neither of those Amendments actually provides any new grounds for challenging Petitioner's sentence.

Thus, the Court concludes that the remedy provided by § 2255 cannot be viewed as "inadequate or ineffective" for Petitioner's current claims, which means that those claims cannot be entertained in the present § 2241 habeas corpus proceeding. The Court will therefore recommend that Petitioner's habeas corpus petition be denied, and that this action be dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED FOR LACK OF JURISDICTION.

Dated: April 27, 2009                           s/ Arthur J. Boylan
                                                ARTHUR J. BOYLAN
                                                United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation

by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 11, 2009.